**KRUMROY et v TERMANAS, Admrx et**

Ohio Appeals, 9th Dist, Summit Co·

No 2063.   Decided April 15, 1932

Musser, Kimber & Huffman, Akron, for plaintiffs in error.

Smoyer, Kennedy, Smoyer & Vogel, Akron, and Newcomb, Newcomb & Nord, Cleveland, for defendant in error.

PER CURIAM

A careful reading and consideration of the record leads us to the conclusion that there was ample evidence of gross negligence on the part of Krumroy in the operation of his automobile at said time and place and under the circumstances there existing, and that the verdict and judgment are not against the weight of the evidence.

Krumroy plead that said death was caused by the negligence of said boy and also that, so far as Krumroy was concerned, said death was the result of an unavoidable accident.

Of course, an accident which is the result of a negligent operation of a car, is not an unavoidable accident.

The court charged fully on the question of the contributory negligence of the boy, and the jury found that it was not negligence for a boy at his age to do what he did, and we agree with that finding.

We are also of the opinion that the judgment is not excessive in amount, and that, if there is no prejudicial error in the charge of the court, the judgment should be affirmed.

The claimed error in the charge is in what the court said in reference to the question of whether or not the father of the boy "was doing his full duty or was guilty of any negligence in the matter of what he either did or did not do."

The court said to the jury, "You will remember that that question does not concern you, and you will not consider it for any purpose in this case nor permit it to influence your verdict in any manner in this case."

The father was one of the persons for whose benefit the action was brought, and if the question as to whether or not his negligence proximately contributed to cause the death of the boy was an issue in the case, and it was found that he was so negligent, then his pecuniary loss by such death should not have been included in the judgment which was rendered, but his negligence would not in any way affect the right of the other beneficiaries to a judgment for the pecuniary loss suffered by them through the death of said boy.

If the question of the father's negligence was not an issue in the case, then, of course, there was no error in what the court charged upon that question, and it is therefore important to determine whether or not the question of the father's negligence was an issue in the case. It was not made an issue by the pleadings, and the record does not show that anything was said about it except as referred to in the charge of the court, and there was no request upon the part of the defendant for the court to charge upon the subject.

We assume, without deciding, that if such issue was fairly raised by the evidence, although not raised by the pleadings, it would have been the duty of the court, if requested, to charge upon that subject. That is the established rule in reference to the plaintiff in an ordinary action for damages for injuries caused by the negligence of the defendant.

As has been said, so far as the record discloses, there is no direct reference to any claimed negligence on the part of the father, nor was there any evidence introduced bearing pro and con upon that particular question, but apparently, as a mere incident, it did develop in the evidence that when the father came upon said highway with his boy, he did not have hold of his boy's hand, and he said that the reason he did not was because "he has never run before like that from me." The uncontradicted evidence is that, as the boy and father came upon said street, they were with a large number of other people, all of whom were intent upon crossing the street; that when they reached the point where they could see and observe the traffic upon the street, they all stopped in a safe place and waited for a car to pass along the street, and that the boy stopped and stood just in front of the father; that the father turned his head to look to the east and saw a car approaching and that he almost instantly turned his head back to look in front of him, and saw his boy running across the street ahead of said oncoming car which killed him.

While we recognize that a close question is presented, we do not find from the record, taken as a whole, that an issue as to the contributory negligence of the father was presented. The evidence as to whether the father had hold of the boy's hand was relevant upon the issue made by the pleadings as to whether the boy was negligent, and except for its bearing on that matter, it seems to have been regarded by all concerned as a mere incident; we do not find that it reasonably tended to develop an issue not plead or otherwise referred to, which it was the province of the jury to pass upon in determining the rights of the parties; and our best judgment is that, under all the circumstances as shown by the record, it was not prejudicial error for the trial judge to charge as he did. While, if the question of the father's negligence had been made an issue in the case by the pleadings or by the claims or conduct of the parties during the trial, it may be that the evidence referred to could be regarded as a scintilla of evidence upon that issue, we think that the inference to be drawn therefrom, unaided by other circumstances of the trial, is too slight to raise an issue against a beneficiary in a wrongful death case.

Judgment affirmed.

PARDEE, PJ, WASHBURN and FUNK, JJ, concur.